

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENTE TROY HUNT, )
)
Plaintiff, )
)
v. ) Civil Action No. 18-2764 (UNA)
)
U.S. DEPARTMENT OF STATE, *et al.*, )
)
Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint styled "Complaint for Mandamus Order to Enforce a Law Enforcement Direct Order." According to the plaintiff, his minor daughter is the beneficiary of a trust, *see* Compl. ¶ 17, the assets of which "are registered in the Treasury Department of the Mexican State of Sinaloa," *id.* ¶ 18. The plaintiff is the trustee, *id.* ¶ 17, and "only the governor of the State of Sinaloa has the authority to sign over to [the plaintiff] officially, all property in the possession of banks within," *id.* ¶ 19, including the assets of the trust at issue. The plaintiff alleges that his daughter was kidnapped in Mexico in 2003 by Humberto Martinez-Mesa, who intended to keep her until she "was no longer a minor child whereby [she] could then be forced to sign over [assets in a trust]," *id.* ¶ 17, without the plaintiff's consent. In this action, the plaintiff seeks an order directing the President of the United States to rescue his daughter, *id.* ¶ 27, and an order the defendants "to [c]ause the Government of Mexico to return the assets belonging to the [t]rust of which [his daughter] is a [b]eneficiary, *id.* ¶ 28.

This is not the first time that Plaintiff has brought his claim before this Court. He filed suit in October 2017, requesting that the defendants issue an extradition order for his daughter. *See Hunt v. United States*, Civil Action No. 17-2144 (Oct. 5, 2017). Judge Contreras denied his requested relief for failure to state a claim. *See Hunt v. United States*, No. 17-2144, 2017 WL 8792553 (D.D.C. Nov. 20, 2017). Under the doctrine of res judicata, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (2006) (citation omitted). Here, Plaintiff's suit involves the same claim (an order directing the President to rescue his daughter), against the same parties (the United States, the President, and the State Department), and there is a final, valid judgment.

To the extent that the plaintiff's suit names new defendants— "Steven Kling" of the Federal Bureau of Investigations "And others*"— he has failed to satisfy the standard for obtaining a writ of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Plaintiff's complaint contains no allegations addressing these elements, and thus fails to satisfy the requirements of Rule 8(a) and Rule 12(b)(6). Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court will grant the plaintiff leave to proceed *in forma pauperis*, deny the request for a writ of mandamus, and dismiss this civil action. An Order accompanies this Memorandum Opinion.

DATE: January 10, 2019

/s/ Randolf D. Moss
United States District Judge